J-S82007-17

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| PIERRE LAVON TATUM, | : | |
| | : | |
| Appellant | : | No. 1708 WDA 2016 |

Appeal from the Judgment of Sentence Entered October 13, 2016
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0014257-2015

BEFORE:    BENDER, P.J.E., STEVENS, P.J.E.,* and STRASSBURGER, J.**

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

FILED APRIL 06, 2018

I join the majority memorandum as to the first issue. I write separately only as to Appellant's second issue, and I would affirm on a basis different than that of the Majority.

Appellant's second issue, whether the trial court abused its discretion in admitting an exhibit, arose on October 4, 2016, when the Commonwealth offered Exhibit 2(d) into evidence. Exhibit 2(d) "is a spreadsheet created from the phone dumps that are of the text messages between two people" that was put into "spreadsheet format so it is easier for everybody to understand." N.T., 10/4/2016, at 103. The "actual phone dumps" were admitted as Exhibit 2(c). Counsel for Appellant objected, stating that she just learned of Exhibit 2(d) "last night." Id. at 105. She asked for time to

_____

* Former Justice specially assigned to the Superior Court.

**Retired Senior Judge assigned to the Superior Court.

review it. The trial court granted that request, stating that to the extent the Commonwealth was using Exhibit 2(d) as a trial aid, it was admissible pursuant to Pa.R.E. 1006[1] so long as Appellant had the opportunity to examine it. The Commonwealth then agreed not to use Exhibit 2(d) until the following day to provide Appellant the opportunity to review it. Id. at 109.

The parties returned to court the following morning, and the Commonwealth moved for the admission of Exhibit 2(d). Appellant objected, arguing that the Commonwealth should not be permitted to use Exhibit 2(d), because the "discovery" was provided too late. N.T., 10/5/2016, at 117.

The Majority concludes that the trial court did not err in admitting Exhibit 2(d), because Appellant could not point to any prejudice. Specifically, the Majority points out that "[a]lthough the Commonwealth

---

[1] That rule provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Pa.R.E. 1006.

- 2 -

violated the discovery rules in a technical sense, the resulting prejudice was minimal." Majority, at 19.

However, Exhibit 2(d) is not discovery; rather, it is a summary of Exhibit 2(c), which is admissible evidence that was provided in discovery. Accordingly, based on Pa.R.E. 1006, the trial court did not err in admitting Exhibit 2(d), because Appellant had an opportunity to review it prior to its use.